THE HON. WILLIAM T. PIGOTT, ⎫
⎬ Associate Justices.
THE HON. GEORGE R. MILBURN, ⎭

STATE EX REL. DORAN, RELATOR, *v.* HAYS, DEFENDANT.

(No. 1,870.)

(Submitted October 15, 1902. Decided October 15, 1902.)

*Elections—District Judge—Filing Certificates of Nomination.*

Under Political Code, Sec. 1312, the certificate of nomination of a candidate for district judge of a district containing only one county is, like that of a county officer, to be filed with the clerk of the county.

APPLICATION for writ of mandate, on the relation of John Doran, to George M. Hays, secretary of state of the state of Montana. Denied.

(174)

*Mr. L. P. Forrestell,* and *Mr. John J. McHatton,* for Relator.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of mandate. From the affidavit filed by relator the following facts appear: On October 2d, inst., in response to a regular call of the committee of the party in Silver Bow county, a convention of the People's Party assembled in the city of Butte. One of its purposes was to nominate candidates for the various county offices to be filled at the general election to be held on November 4, 1902, and also a candidate for the office of district judge for the Second judicial district, consisting of the county of Silver Bow, to be voted for at the same time. One John B. McClernan was regularly nominated for the office last named. Thereupon the chairman and secretary of the convention prepared and signed a certificate setting forth the action of the convention; and on October 4th the said secretary, the relator herein, caused the same to be presented and delivered to the defendant, as secretary of state, with a request that it be filed by him in his office, and that at the proper time the name of the candidate be certified to the clerk of Silver Bow county, to be printed upon the official ballot under the proper party designation. The defendant refused to receive or file the certificate, and has thus indicated his intention to refuse to certify the name of the candidate so that it may appear on the ballot, although, relator alleges, these duties are enjoined upon him by law. The relator has instituted this proceeding in order to compel the defendant to perform his alleged legal duty in the premises, in order that the relator and other electors of the Second judicial district of like political faith may be allowed to vote for the candidate of their choice.

We shall assume, without deciding, that the certificate is, in form and substance, sufficient to meet the requirements of the law, and that the convention nominating the candidate was called and conducted in conformity with the statute applica-

ble. The question for decision, then, is whether certificates of nomination of candidates for the office of district judge of judicial districts, each containing only a single county, shall be filed with the secretary of state, or whether they shall be filed in the office of the clerk of the particular county.

The provision of the statute to which reference must be had is found in the Political Code, and provides:

"Sec. 1312. Certificates of nomination of candidates for offices to be filled by the electors of the entire state, or of any division or district greater than a county, must be filed with the secretary of state. Certificates of nomination for county, township and precinct officers, must be filed with the clerks of the respective counties wherein the officers are to be elected. Certificates of nomination for municipal officers must be filed with the clerks of the respective municipal corporations wherein the officers are to be elected. The certificate of nomination of joint member of the house of representatives must be filed in the offices of the county clerks of the counties to be represented by such joint member."

This provision was enacted by the territorial legislature in 1889 (Laws of 1889, p. 136), at a time when the justices of the supreme court of the territory of Montana, who also presided in the several district courts, were appointed by the president of the United States. In the enactment of it, the legislature, therefore, made no provision for the nomination and election of these officers. Upon the creation of the state government, the Act was continued in force by the constitution (Schedule, Sec. 1). When the present Code was adopted, in 1895, the Act, amended in other particulars, but containing substantially unchanged the section quoted, was included therein as Section 1312 of Chapter VIII, Part III, Title II of the Political Code. The Code commission, and the legislature in adopting its compilation, evidently proceeded upon the assumption that the provisions of the section governed the nomination and election of district judges in districts comprising a single county. An examination of it, however, reveals an omission in its provisions, so that it does not, in terms, apply to the con-

dition presented in this case. A district judge is a state officer, but there is no provision in the section requiring the certificate of nomination of such an officer from a district containing only a single county to be filed with the secretary of state. In this regard, therefore, there is no specific provision enjoining any duty upon this officer. The policy of the Act, which is in accord with the policy of the constitution, appears to be that the nomination and election of officers in any county of the state shall be controlled exclusively by the electors therein and their local officers. It is only where the electors voting for a particular officer occupy a greater portion of the state than a single county that the secretary of state is required to file and certify the nomination. The only exception to this general rule is the nomination and election of joint representatives, whose certificates of nomination must be filed with the clerks of all the counties represented by such officer. It was certainly not the intention of the legislature, in omitting a specific provision upon this subject, that the certificates of nomination of district judges in districts comprising a single county should be filed nowhere. The question presented, therefore, must be determined by a construction of the second sentence of the section, so as to carry out the manifest policy of the legislation. It is therein provided that "certificates of nomination for county, township and precinct officers must be filed with the clerks of the respective counties wherein the officers are to be elected." While district judges do not fall literally within the designation of "county officers," nevertheless it is not a forced construction of that sentence to hold that it means that certificates of nomination of officers to be voted for by the electors of a single county shall be filed with the clerk of a particular county. It is only by this construction that we may find a provision governing the controversy here to be decided.

We therefore conclude that this provision of the statute must be so construed, and that it applies to the office of district judge when this officer is to be elected exclusively by the voters of the particular county, and that his certificate of nomination must

be filed with the clerk of the county composing the particular district. The result is that the writ applied for herein must be denied.

*Denied.*

(Submitted October 15, 1902.  Decided October 15, 1902.)